# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **J.P.-1 and J.P.-2**

**No. 18-0591** (Hampshire County17-JA-36 and 17-JA-37)

**FILED**

**November 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.P.-3, by counsel David C. Fuellhart III, appeals the Circuit Court of Hampshire County's January 25, 2018, order terminating his parental rights to J.P.-1 and J.P.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Marla Zelene Harman, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent, erroneously accelerating the dispositional hearing, and terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court affirms the circuit court's adjudication of petitioner as an abusing parent, but vacates the circuit court's January 25, 2018, dispositional order and remands the case to the circuit court for the holding of a properly noticed dispositional hearing. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

On May 26, 2017, the DHHR filed an abuse and neglect petition against petitioner's girlfriend, the children's mother, alleging that she abused and neglected the children because she lived a transient lifestyle, left her two children in the care of her disabled mother for extended periods of time, and admitted to using methamphetamine in the children's presence. The DHHR alleged that petitioner was incarcerated, but did not make any other allegations against him. The proceedings against the mother moved forward, and she was adjudicated as an abusing parent in October of 2017. The circuit court noted at multiple hearings involving the mother that the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because both the children and petitioner have the same initials, they will be referred to as J.P.-1, J.P.-2, and J.P.-3, respectively, throughout this memorandum decision.

1

DHHR had not yet served petitioner with an abuse and neglect petition. However, according to the guardian, petitioner's counsel provided him with a copy of every pleading and order in the instant matter.

On December 20, 2017, the DHHR amended the abuse and neglect petition to include allegations against petitioner. The DHHR alleged that petitioner failed to provide for the children's emotional and financial needs. The DHHR also alleged that petitioner was released from incarceration from August of 2017 through October of 2017, but took no action to inquire about his children's wellbeing or attempt to see them during that time. Petitioner was properly served with the petition. On December 21, 2017, the circuit court proceeded to disposition regarding the mother. During that hearing, allegations against petitioner were not addressed, but the mother testified that she informed petitioner of the proceedings, that he was not incarcerated from August of 2017 through October of 2017, and that she and petitioner abused methamphetamine together during that time.

On January 12, 2018, the circuit court held an adjudicatory hearing on the amended petition. Petitioner did not attend the hearing, but was represented by counsel. Petitioner's counsel informed the circuit court that petitioner was incarcerated and his anticipated parole date was in 2020. The circuit court took judicial notice of the mother's testimony during her dispositional hearing regarding petitioner's knowledge of the proceedings, his release from incarceration from August of 2017 through October 2017, and his abuse of methamphetamine during that time. Based on the evidence presented, the circuit court adjudicated petitioner as an abusing parent. Following adjudication, the guardian moved to proceed to an accelerated disposition for petitioner and the circuit court proceeded to disposition. In its dispositional order, the circuit court found that petitioner was not incarcerated from August of 2017 through October of 2017, a period during which he had actual notice of the proceedings from the children's mother, and that he failed to participate. However, the circuit court also noted that petitioner failed to contact the DHHR or inquire about the wellbeing of his children during the proceedings. The circuit court concluded that petitioner was unwilling and unable to adequately provide for the children's needs. The circuit court found there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of his parental rights was in the children's best interests. Ultimately, the circuit court terminated petitioner's parental rights in its January 25, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

_____

[2]The mother's parental rights were terminated below. According to the parties, the children remain in the home of their paternal aunt and uncle and the permanency plan is adoption in that home.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

First, petitioner argues that the circuit court erred in finding clear and convincing evidence that he abused and neglected the children. According to petitioner, he did not abandon the children because he did not have physical or legal custody of the children while incarcerated and, therefore, could not have exercised his parental responsibilities. Further, he asserts that while he was released for three months, he was not served with notice of the proceedings. We do not agree.

West Virginia Code § 49-1-201, in relevant part, defines a neglected child as one "[w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary food, clothing, shelter, supervision, medical care or education. . . ." This section also defines abandonment as "any conduct that demonstrates the settled purpose to forego the duties and parental responsibilities to the child." Further, we have held that

"W.Va. Code [§] 49-6-2(c) [now West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (citations omitted). The circuit court correctly adjudicated petitioner as an abusing parent based on the evidence that he neglected the children. According to petitioner, he had been incarcerated since January of 2017. However, the evidence showed that he failed to provide the children with any care or necessary food, clothing, shelter, supervision, medical care, or education, even when he was not incarcerated. Further, the evidence showed that he never provided the children with any emotional or financial support, as alleged in the petition. Lastly, when he was released from incarceration for three months, petitioner was with the mother and had actual notice of the proceedings, yet he never attempted to contact the DHHR or his attorney to inquire about the children or their wellbeing. Accordingly, we find no error in the circuit court's determination that the children were neglected and that petitioner was an abusing parent.

Next, petitioner argues that the circuit court erred in proceeding to a dispositional hearing when he never agreed to the accelerated disposition, nor did he receive notice or waive his right to said notice. Additionally, petitioner argues that his attorney did not have the authority or power to make the decision to proceed to disposition without petitioner present at the hearing. Pursuant to Rule 31 of the Rules of Procedure for Child Abuse and Neglect Proceedings, "[n]otice of the date, time, and place of the disposition hearing shall be given to all parties, their counsel, and persons entitled to notice and the right to be heard." Further, petitioner cites Rule 32(b), which provides, in relevant part, that the circuit court may hold a disposition hearing immediately following the adjudicatory hearing if: "(1) [a]ll the parties agree" . . . and "(3) [n]otice of the disposition hearing was provided to or waived by all parties as required by these Rules." Petitioner contends that he neither received nor waived notice in the matter. Therefore, the circuit court's failure to provide all parties with notice of the dispositional hearing was erroneous.

We have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Upon our review of the record, we find that the adjudicatory hearing was noticed for only the purpose of adjudication. By proceeding immediately to disposition in the case, the circuit court ignored Rules 31 and 32, as set forth above. We have previously held that notice of the dispositional hearing is mandatory and that an accelerated dispositional hearing may be held only when the conditions of Rule 32 are met. *See In re Travis W.*, 206 W.Va. 478, 483, 525 S.E.2d 669, 674 (1999) (holding that a circuit court's failure to comply with Rules 31 and 32 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings was a substantial disregard of process and required remand.) Accordingly, we find that the circuit court substantially disregarded the process established by the rules, the resulting dispositional order must be vacated, and the case must be remanded for compliance with that process.

For the foregoing reasons, we affirm, in part, and vacate, in part, the circuit court's January 25, 2018, order as it relates to petitioner[3] and remand this matter to the circuit court for the holding of a properly noticed dispositional hearing and for further proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and

---

[3]The order also relates to the mother. This Court affirmed the circuit court's dispositional order terminating the mother's parental rights by memorandum decision on June 15, 2018.

4

Chapter 49 of the West Virginia Code.[4] The circuit court is hereby ordered to hold the appropriate hearings and issue a final order in this case within sixty days. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Affirmed, in part, vacated, in part, and remanded.

**ISSUED**:  November 19, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

---

[4]Further, based on the representations of respondents and the record on appeal, the Court finds that the children's current temporary placement is appropriate and in their best interests at this time. Accordingly, we instruct the circuit court to maintain this temporary placement until such time as the circuit court is tasked with determining an appropriate permanent placement for the children pursuant to West Virginia Code § 49-4-604(b) and the applicable Rules of Procedure for Child Abuse and Neglect Proceedings.